1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    RICHARD BENNETT HART,

9                              Petitioner,            Case No. C18-0591-RSL-MAT

10          v.
                                                      REPORT AND RECOMMENDATION
11   RON HAYNES,

12                             Respondent.

13

14                    INTRODUCTION AND SUMMARY CONCLUSION

15          This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner Richard Hart seeks

16   to challenge in this action his 2011 Snohomish County Superior Court judgment and sentence.

17   Respondent has filed a motion to dismiss the petition, a statement of cause for filing a dispositive

18   motion in lieu of an answer, and relevant portions of the state court record.  Respondent argues in

19   his motion to dismiss that petitioner's federal habeas petition is untimely under 28 U.S.C. §

20   2244(d).  Petitioner has filed a responsive brief opposing respondent's motion to dismiss.  This

21   Court, having reviewed respondent's motion to dismiss, petitioner's response thereto, and the state

22   court record, concludes that this federal habeas action should be dismissed as untimely under 28

23   U.S.C. § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

1

2        On December 22, 2010, petitioner entered a guilty plea in Snohomish County Superior

3  Court to three counts of first degree rape of a child.  (*See* Dkt. 23, Ex. 1 at 1.)  Petitioner was

4  sentenced on January 18, 2011 to an indeterminate term of confinement of 216 months to life.  (*Id*.,

5  Ex. 1 at 5.)  Petitioner did not appeal his judgment and sentence.

6        On October 28, 2011, petitioner filed a motion for leave to withdraw his guilty plea in

7  Snohomish County Superior Court.  (*Id*., Ex. 2.)  The Superior Court transferred the motion to the

8  Washington Court of Appeals for consideration as a personal restraint petition, and the Court of

9  Appeals issued an order dismissing the petition on April 22, 2013.  (*Id*., Exs. 3, 4.)  Petitioner

10 thereafter sought review in the Washington Supreme Court, and the Supreme Court Commissioner

11 issued a ruling denying review on January 2, 2014.  (*See id*., Ex. 5.)  Petitioner next moved for an

12 extension of time to file a motion to modify the Commissioner's ruling, but that motion was denied

13 on April 30, 2014.  (*See id*., Ex. 6.)  The Court of Appeals issued a certificate of finality in

14 petitioner's personal restraint proceedings on May 23, 2014.  (*See id*., Ex. 7.)

15       On May 8, 2014, petitioner filed a second motion in the Superior Court which he identified

16 as a motion to modify his judgment and sentence.  (*Id*., Ex. 8.)  That motion was also transferred

17 to the Court of Appeals for consideration as a personal restraint petition.  (*Id*., Ex. 9.)  Petitioner

18 thereafter filed a notice of appeal of the order transferring the motion and a notice of appeal from

19 his judgment and sentence.  (*Id*., Exs. 10, 11.)  The Court of Appeals consolidated these two

20 appeals with the converted personal restraint petition.  (*See id*., Ex. 12 at 1-2.)  On August 26,

21 2014, the Court of Appeals issued an order dismissing the personal restraint petition, denying the

22 appeal of the transfer order, and dismissing the appeal of the judgment and sentence as untimely.

23 (*See* Dkt. 23, Ex. 12 at 9.)

REPORT AND RECOMMENDATION
PAGE - 2

1    Petitioner subsequently filed a motion in the Court of Appeals seeking reconsideration of

2    the order denying his personal restraint petition. (*Id*., Ex. 13.)  The Court of Appeals forwarded

3    petitioner's motion to the Washington Supreme Court where it was construed as a motion for

4    discretionary review. (*See id*., Ex. 14.)  On May 20, 2015, the Supreme Court Commissioner

5    issued a ruling denying review in which she concluded that petitioner's personal restraint petition

6    was untimely under RCW 10.73.090. (*See id*., Ex. 15.)  Petitioner moved to modify the

7    Commissioner's ruling, and that motion was denied on September 2, 2015. (*Id*., Ex. 16.)

8    On October 14, 2014, petitioner filed a notice of appeal, this one purportedly challenging

9    his December 2010 guilty plea, together with a motion for an extension of time to file a direct

10   appeal. (*Id*., Exs. 17, 18.)  On August 3, 2015, the Court of Appeals issued an order denying

11   petitioner's motion to enlarge the time to file a notice of appeal and terminated review. (*Id*., Ex.

12   22.)  Petitioner sought further review in the Washington Supreme Court, but the Supreme Court

13   denied petitioner's motion for discretionary review without comment on March 30, 2016. (*Id*.,

14   Ex. 23.)  The Court of Appeals issued its mandate terminating review on April 22, 2016. (*Id*., Ex.

15   24.)

16   On March 9, 2017, petitioner filed a personal restraint petition in the Washington Court of

17   Appeals challenging the validity of his guilty plea. (*Id*., Ex. 25.)  On April 10, 2017, the Court of

18   Appeals issued an order dismissing the petition as both untimely and successive. (*Id*., Ex. 26.)

19   Petitioner moved for discretionary review in the Washington Supreme Court, and on September 6,

20   2017, the Supreme Court Commissioner issued a ruling denying review. (*Id*., Ex. 27.)  The

21   Commissioner concluded therein that the Court of Appeals had properly dismissed petitioner's

22   petition as untimely. (*See* Dkt. 23, Ex. 27.)  The Court of Appeals issued a certificate of finality

23   in petitioner's personal restraint proceedings on December 15, 2017. (*Id*., Ex. 28.)

REPORT AND RECOMMENDATION
PAGE - 3

1    On April 20, 2017, petitioner filed a motion to modify his judgment and sentence in the

2  Snohomish County Superior Court. (*Id.*, Ex. 29.) Once again, petitioner's motion was transferred

3  to the Court of Appeals for consideration as a personal restraint petition. (*Id.*, Ex. 30.) On July,

4  19, 2017, the Court of Appeals issued an order dismissing the petition as both untimely and

5  successive. (*Id.*, Ex. 31.) Petitioner again sought discretionary review in the Washington Supreme

6  Court, and the Supreme Court Commissioner again denied review upon concluding that the Court

7  of Appeals had properly dismissed the petition as untimely. (*Id.*, Ex. 32.) The Court of Appeals

8  issued a certificate of finality in petitioner's personal restraint proceedings on January 19, 2018.

9  (*Id.*, Ex. 33.)

10    On November 20, 2017, petitioner filed yet another motion for post-conviction relief in the

11  Snohomish County Superior Court, and the Superior Court again transferred the motion to the

12  Court of Appeals for consideration as a personal restraint petition. (*See id.*, Ex. 34.) On March,

13  20, 2018, the Court of Appeals issued an order dismissing the petition as both untimely and

14  successive. (*Id.*, Ex. 44.) Petitioner again sought discretionary review in the Washington Supreme

15  Court, and the Supreme Court Commissioner again denied review upon concluding that the Court

16  of Appeals had properly dismissed the petition as untimely. (*See id.*, Ex. 45.)

17    Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner

18  submitted his petition for writ of habeas corpus to this Court for filing on April 19, 2018. (*See*

19  Dkt. 1.)

20                                                    DISCUSSION

21    Respondent argues in his motion to dismiss that the petition is untimely under the federal

22  statute of limitations, 28 U.S.C. § 2244(d). (*See* Dkt. 21.) Petitioner appears to argue in his

23  response to respondent's motion that the state courts improperly concluded that his claims were

REPORT AND RECOMMENDATION
PAGE - 4

1   time-barred and therefore never adjudicated the claims.  (*See* Dkt.  24.)  He also appears to argue

2   that he is entitled to relief on the merits of his claims.  (*See id*.)

3                                        Statute of Limitations

4          Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ

5   of habeas corpus filed by a person in custody pursuant to the judgment of a state court.   The one

6   year limitation period generally begins to run from the date of the conclusion of direct review or

7   "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. §

8   2244(d)(1)(A).  In this case, the period for direct review ended, at the latest, upon the expiration

9   of the time for filing a direct appeal of the judgment and sentence with the Washington Court of

10  Appeals.

11         Petitioner's judgment and sentence was filed in Snohomish County Superior Court on

12  January 18, 2011. (*See* Dkt. 23, Ex.  at 1.)  Petitioner had 30 days after the entry of the judgment

13  to file a notice of appeal.  *See* Rule 5.2(a) of the Washington Rules of Appellate Procedure.

14  Because petitioner did not file a notice of appeal, his conviction became final on or about February

15  17, 2011.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's one year statute of limitations began to run the

16  following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

17         The one year limitation period is tolled for any "properly filed" collateral state challenge

18  to the state conviction. 28 U.S.C. § 2244(d)(2).  Petitioner filed a motion for post-conviction relief

19  in the Superior Court on October 28, 2011, which stopped the clock on the federal statute of

20  limitations.  At that time, 252 days had run on the statute of limitations.  Petitioner's personal

21  restraint proceedings remained pending in the state courts until April 30, 2014, when the Supreme

22  Court denied petitioner's motion for an extension of time to file a motion to modify the

23  Commissioner's ruling.  The statute of limitations began to run again the following day, May 1,

REPORT AND RECOMMENDATION
PAGE - 5

1    2014, and expired 113 days later on August 22, 2014.

2        Petitioner filed a second motion for post-conviction relief in May 2014 before the statute

3    of limitations expired.  However, that motion, which was construed by the state courts as a personal

4    restraint petition, did not act to toll the limitations period because the state courts concluded the

5    petition was time barred and the petition therefore cannot be deemed "properly filed" for purposes

6    of § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that a prisoner's

7    post-conviction petition that was rejected by the state court as untimely was not "properly filed"

8    for purposes of § 2244(d)(2) and the prisoner was not entitled to statutory or equitable tolling of

9    the federal statute of limitations).  Petitioner's remaining motions for post-conviction relief, those

10   filed in March 2017, April 2017, and November 2017, were all filed after the statute of limitations

11   expired and therefore did not act to toll the limitations period.  Likewise, petitioner's attempt to

12   file an out-of-time direct appeal in October 2014 was also undertaken after the state of limitations

13   expired and, thus, did not act to toll the limitations period.

14       The statute of limitations governing federal habeas petitions is subject to equitable tolling.

15   *Holland v. Florida*, 560 U.S. 631 (2010).  However, the Ninth Circuit has made clear that equitable

16   tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling

17   [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d

18   1063, 1066 (9th Cir. 2002).  A petitioner bears the burden of showing that equitable tolling should

19   be applied.  *Id*. at 1065.  Petitioner makes no effort here to demonstrate that he is entitled to

20   equitable tolling of the limitations period.

21       Petitioner does appear to argue that the state courts improperly concluded that his attempts

22   to obtain post-conviction relief were untimely.  However, state courts are the ultimate expositors

23   of their own law, and their construction of state law is binding on the federal courts.  *Mullaney v.*

REPORT AND RECOMMENDATION
PAGE - 6

1    *Wilbur*, 421 U.S. 684, 691 (1975).  A federal habeas court must therefore defer to the state court's

2    interpretation of state law.  *Id*.  Thus, the Washington state courts' repeated conclusions that

3    petitioner's attempts to obtain post-conviction relief were untimely under state law cannot be

4    reviewed or disturbed by this Court.

5           As noted above, petitioner filed his federal habeas petition on April 19, 2018, over three

6    and a half years after the statute of limitations expired on August 22, 2014.  Because petitioner

7    filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not

8    demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-

9    barred.

10                              Certificate of Appealability

11          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

12   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

13   from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has

14   made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).

15   A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

16   district court's resolution of his constitutional claims or that jurists could conclude the issues

17   presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

18   U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a

19   certificate of appealability in this matter.

20                                    CONCLUSION

21          For the reasons set forth above, this Court recommends that respondent's motion to dismiss

22   be granted, and that petitioner's petition for writ of habeas corpus, and this action, be dismissed

23   with prejudice as untimely under 28 U.S.C. § 2244(d).  This Court further recommends that a

REPORT AND RECOMMENDATION
PAGE - 7

1  certificate of appealability be denied.   A proposed order accompanies this Report and

2  Recommendation.

3  <center>OBJECTIONS</center>

4  Objections to this Report and Recommendation, if any, should be filed with the Clerk and

5  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

6  and Recommendation is signed.   Failure to file objections within the specified time may affect

7  your right to appeal.   Objections should be noted for consideration on the District Judge's motions

8  calendar for the third Friday after they are filed.   Responses to objections may be filed within

9  **fourteen (14) days** after service of objections.   If no timely objections are filed, the matter will be

10  ready for consideration by the District Judge on **February 15, 2019**.

11  DATED this 18th day of January, 2019.

12

13                                        Mary Alice Theiler
                                          United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 8